[Crim. No. 8911.   Second Dist., Div. One.   Nov. 18, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIE LE-
ROY NEWMAN, Defendant and Appellant.

Charles V. Weedman, under appointment by the District
Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assist-
ant Attorney General, and David M. Rothman, Deputy At-
torney General, for Plaintiff and Respondent.

WOOD, P. J.—In an indictment the defendant was ac-
cused of unlawfully selling heroin. It was also alleged that he
had been convicted previously of forgery, a felony. In a non-
jury trial he was adjudged guilty and the allegation of prior
conviction was found to be true. He appeals from the judg-
ment.

Officer Keyes testified in substance as follows: That on
October 23, 1962, about 12:30 p.m., while he and Officer

Thompson and a man by the name of "Eddie" were in an automobile at 112th and Croesus Streets in Los Angeles, the defendant Willie Newman and another man came there in a Cadillac automobile. After Eddie had gone to defendant's car and talked to him, the defendant came to the Keyes car where Officer Keyes asked whether he had any caps. When he replied in the affirmative, the officer asked how much he was "selling a cap for." He replied, "$3.00 each." Each officer and Eddie said that he would take three caps. Defendant said, "Okay, follow me." They followed him to 120th Street and stopped behind his car. Defendant walked west on that street, returned within a few minutes, entered the Keyes car, and handed to Officer Keyes a tissue paper containing nine capsules. Each officer handed $10 to defendant, and Eddie handed $6.00 to him. Then the defendant went away, and the officers returned to the police station where they found that the capsules contained a white powdery substance. Officer Keyes wrote his initials on the capsules, placed the capsules (and tissue paper) in a small envelope which he sealed, and placed that envelope in a larger envelope which he sealed and delivered to the property division of the station. Officer Keyes had not seen the defendant prior to said day, and did not see him again until November 17 when the defendant, after his arrest, was brought to the police station.

It was stipulated that Richard J. Bingle was an expert forensic chemist. Then the deputy district attorney said to the court, "[M]ay this envelope [apparently referring to the large envelope above mentioned] and its contents be marked People's 1 for identification?" The court replied in the affirmative. Then it was stipulated (according to the reporter's transcript before it was amended as hereinafter stated) that: "Richard J. Bingle has been deemed to have ... testified that on October 25th, 1962 he received the envelope marked People's from the Los Angeles Police Department Crime Laboratory; ... that he ... found the envelope contained nine clear capsules of a white powder, and that he tested three at random ... and as a result of ... chemical examination ... determined that they contained the narcotic heroin ...." (It is to be noted that after the word "People's" in the above stipulation there is no number identifying the envelope as an exhibit. This omission is the basis for appellant's contention on appeal to the effect that the evidence was insufficient to prove that a narcotic was in the capsules.)

Defendant testified as follows: He did not have any recollection as to where he was on said October 23. That before his arrest, on November 17, he had never seen Officer Keyes or Officer Thompson. The officer's statement regarding defendant's alleged participation in a transaction with the officers is not true. He owned a Cadillac car but he did not have it in his possession on said October 23—he had lent it to a friend whose name he did not remember. On cross-examination, he said he had been convicted of forgery, a felony.

■ Appellant contends that the evidence was insufficient to establish the presence of heroin or any narcotic. His argument is that the testimony, by stipulation, of the chemist contained only a reference to "People's" without designating that it related to "People's 1," which was the envelope and contents identified by Officer Keyes. He argues further that the officer did not testify that the capsules contained heroin.

After this contention was made in appellant's brief, the People made a motion in this court for correction of the reporter's transcript so that the reference in the stipulation to the envelope, as an exhibit, would read "People's 1" instead of "People's." The motion was based upon a certified statement of the official shorthand reporter to the effect that in his shorthand notes the figure "1" does appear after the word "People's" so that in fact the reference should be ". . . the envelope marked People's 1. . . ."; that the omission of the figure "1" from the transcript was a transcribing omission. The motion for correction of the record was granted. The record as thus corrected shows that the stipulation as to the chemist's testimony did designate the envelope referred to in the stipulation as "People's 1." That is the envelope which contained the capsules, and was marked "People's Exhibit 1" for identification (and later marked "Exhibit 1"). No contention was made at the trial regarding an omission in designating the exhibit to which reference was made in the proposed stipulation as to the testimony of the chemist. Apparently the reason such a contention was not made was that in fact, as shown by the reporter's certificate, there was a designation of the exhibit number. It thus appears that the stipulation as to the chemist's testimony was to the effect the chemist examined three of the capsules, which were in the envelope marked People's Exhibit 1, and he determined that those capsules contained heroin.

Irrespective of the certificate of the reporter, it appears

from a statement which the deputy district attorney made immediately preceding the stipulation that the envelope referred to in the stipulation was ''People's 1 for identification.'' That statement of the deputy was: ''Before I give this stipulation, your Honor, may this envelope and its contents be marked People's 1 for identification?'' It is to be noted also that immediately after the stipulation, the deputy said to Officer Keyes: ''I will show you People's Exhibit 1, this envelope, and ask you to examine it and tell me: Is that the envelope you placed the capsules in after you returned to the Police Building?'' He replied, ''It is.''

The evidence was amply sufficient to support the conviction.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.